ELIZABETH WORTHEN *versus* ANDREW H. HANSON & *al.*

Upon a poor debtor's disclosure, to obtain his release from arrest upon an execution in a personal action, wherein the damages recovered are less than $100, if the creditor neglect to appoint one of the justices, an appointment may be made for him by a constable of the town in which the disclosure is to be made, and in which the debtor is present, although it be a town in which neither of the parties reside, and although the execution be not directed to any constable.

THE facts are presented in the opinion of the Court.

*Bradbury & Morrell,* for plaintiff.

The constable of Augusta had no authority to select one of the justices. The execution was not directed to *him* or to *any* constable. Neither of the parties had ever resided in Augusta.

*D. Williams,* for defendant.

SHEPLEY, C. J. — The case is presented upon an agreed statement in which it is said, that the action is upon a bond, given to release one of the defendants from arrest on an execution recovered against him in an action of dower. The execution upon which the arrest was made, is also made a part of the case, and upon inspection it does not appear to have been issued upon a judgment rendered in an action of dower. So much of the agreed statement as declares it to have been

issued on such a judgment, must be considered as erroneous, being disproved by the document referred to.

The debtor appears to have taken the oath prescribed by the statute after due notice given, before two justices of the peace and of the quorum, on December 18, 1845. One of the justices was selected by a constable of the town of Augusta, where the justices resided and where the oath was administered. The execution was not directed to a constable, and the creditor and debtor were both named in it as residents of the town of China.

The authority of a constable of Augusta to select one of the justices is denied. The statute approved on February 23, 1844, chap. 88, amending the Revised Statute, chap. 148, § 46, provides, that a constable, " who might legally serve the precept, on which he was arrested," may select one of the justices, when one has not been selected by the creditor. A constable is authorized by statute, chap. 104, § 34, to serve upon any person in the town, to which he belongs, any writ or precept in any personal action, where the damage sued for and demanded, does not exceed one hundred dollars.

The words, " who might legally serve the precept," were used to designate the class of precepts, on which the arrest had been made, and the cases, in which a constable or other officer might select a justice ; and not to require, that the particular precept, on which the debtor had been arrested, should have been directed to such constable or other officer.

The execution, on which the debtor was arrested, appears to have been issued on a judgment recovered in a personal action. The amount of the debt or damage demanded by it was $90,87. The debtor appears to have been in the town of Augusta, when the selection of a justice was made by the constable. If the execution had been directed to a constable of the town of Augusta, service of it might have been there made by such a constable, who was, therefore, authorized to select a justice.

The proceedings in other respects, appear to have been regular.                                                     *Plaintiff nonsuit.*